JOSEPH BRADSTREET, in review, vs. JAMES PARTRIDGE.

*Practice.  Review.  Writ not to be sued out till after final judgment upon the petition.*

The writ of review should not be sued out until the record upon the petition therefor is closed.

Case between same parties, 59 Maine Reports, 155, affirmed.

ON REPORT.

The writ of review in this case, dated March 9, 1872, was entered at the April term, 1872, of court for this county, while the original petition therefor was still remaining upon the docket, as still pending. This petition was entered at April term, 1869, continued to August term, 1869, when the prayer thereof was granted, and a writ of review sued out and entered at December term, 1869, and continued to April term, 1870, when the writ was dismissed, upon the ground that the cause should be tried upon the petition, which was still pending upon the docket. At the August

term, 1870, defendant moved to dismiss the petition and filed exceptions to the refusal of the judge to grant that motion.  At December term, 1870, plaintiff offered to go to trial under the petition, but the justice then presiding doubted the propriety of this course and the facts were reported to the full court for its opinion, the original writ of review, motion to dismiss and exceptions, making part of the case.  January 4, 1872, the clerk of the court for this county received the certificate of the order of the law court, as follows: " Review granted the petitioner to sue out his writ of review the next term after the entry of final judgment in this case."

The parties agreed to submit the cause to the decision of the court on these facts.

*J. S. Baker*, for plaintiff in review.

*Tallman & Larrabee*, for defendant.

APPLETON, C. J.   There can be no final judgment when an action is continued for judgment.  An action may be defaulted and continued for judgment, and at the next term the default may be stricken off and a nonsuit entered.  The disposition of the cause while thus remaining upon the docket is subject to the control of the court.  So, in case of a petition for a review, while it remains on the docket there can be no final judgment. . The clerk cannot complete his record while it thus remains pending.  The law on this subject was fully and clearly stated in *Bradstreet* v. *Partridge*, 59 Maine, 152.

For some unperceived cause, the counsel for the plaintiff saw fit to have a further continuance of the petition for a review.  It still remains upon the docket at his instance, for when a case is ready for judgment it is not the clerk's duty to continue it at his own will and pleasure.

The action of review is a new proceeding.  The writ of review is " to be entered the next term after the review is granted unless leave is granted to enter it at the second term."  R. S., c. 89, § 7. But there can be no judgment granting a review while the peti-

tion remains continued upon the docket. Both actions cannot remain together upon the docket. There must be a final disposition of the petition for review before the writ can issue. The slightest attention to the opinion of this court, to which reference has been made, would have fully informed counsel as to the proper course of proceeding. *Plaintiff nonsuit.*

KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.